(Pleito No. 65.—Fallado el 21 de Julio de 1900.)

### DELGADO contra LECAROZ.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Arecibo.

1.—NUEVOS DEBATES NO PODRÁN PLANTEARSE EN APELACIÓN. La falta que se suponga cometida deberá haber sido alegada y reclamada su subsanación en la instancia en que se cometió.

2.—SOBRE EL MISMO PUNTO.—No podrán introducirse en un recurso nuevas alegaciones, toda vez que ha de concretarse únicamente á lo que consta en autos.

#### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte y uno de Julio de mil novecientos, en los autos de procedimiento de apremio, seguidos primero en el suprimido Juzgado de 1ª Instancia de Utuado, y después en el Tribunal del Distrito de Arecibo, por la sociedad mercantil Lecaroz y Cª, domiciliada en Lares, contra Don Andrés Delgado, agricultor y vecino de Utuado, para cumplimiento de la sentencia de remate dictada en el juicio ejecutivo promovido por dicha sociedad contra el propio Delgado en cobro de pesos, cuyos autos de apremio penden ante Nos en virtud de recurso de casación por quebrantamiento de forma, interpuesto por Delgado, habiendo representado y defendido á éste el Letrado Don Hilario Cuevillas Hernández, y á Lecaroz y Cª el Lcdo. Don Rafael López Landrón.—Resultando: Que en juicio ejecutivo seguido en el suprimido Juzgado de

1ª Instancia de Utuado por la sociedad mercantil Lecaroz y Cª contra Don Andrés A. Delgado en cobro de pesos, pronunció dicho Juzgado sentencia de remate en veinte de Mayo del año próximo pasado, por la que se mandó seguir la ejecución adelante, como bien despachada, por la suma de catorce mil setecientos noventa y un pesos, sesenta y nueve centavos, con los intereses convenidos del uno por ciento anual, desde el vencimiento de la obligación, y las costas del juicio hasta hacer trance y remate de los bienes embargados al deudor, y más que fueren necesarios, y con su producto entero y cumplido pago á la sociedad acreedora.—Resultando: Que habiendo interpuesto Delgado contra la expresada sentencia recurso de apelación que le fué admitido en ambos efectos, se solicitó por la parte actora que se llevara á efecto por la vía de apremio, á cuyo fin prestó fianza hipotecaria que el Juzgado de Utuado estimó bastante, mandando por auto de nueve de Junio del año citado que se procediera á la ejecución de la repetida sentencia en ramo separado, formado con testimonio de las constancias oportunas del juicio.—Resultando: Que ya nombrados peritos por ambas partes, antes de que se procediera á la tasación de los bienes embargados, la representación de Don Andrés A. Delgado en escrito presentado en veinte y cuatro de Noviembre al Tribunal del Distrito de Arecibo, ratificando el nombramiento de su perito, manifestó por medio de otrosí que el Tribunal del Distrito de San Juan que conocía de los autos sobre suspensión de pagos de dicho Delgado había ordenado la suspensión de la vía de apremio del ejecutivo en que comparecía, como así constaba á la sociedad ejecutante, la cual sin embargo seguía gestionando para continuar la vía de apremio, proceder que no era legal, por más que dicha sociedad hubiera anunciado recurso de casación para impedir el cumplimiento de lo mandado, por lo cual protestaba la nulidad de cuanto se actuara en la vía de apremio, á cuya protesta recayó providencia con fecha veinte y siete del mismo Noviembre en el sentido de no haber lugar á proveer, por

no solicitarse nada concreto en el mencionado otrosí.—Resultando : Que practicada la tasación de los bienes por peritos que nombraron las partes y por tercero en discordia, se dispuso por el Tribunal de Arecibo en auto de diez de Enero último se sacaran dichos bienes á pública subasta por término de veinte días, bajo el tipo de treinta y un mil pesos moneda provincial, como así se anunciaría en los sitios públicos de Utuado y *Gaceta Oficial* de la Isla, con advertencia de que no se admitiría postura inferior á las dos terceras partes del valor de la tasación, y que los licitadores consignarían en la mesa de dicho Tribunal ó en el lugar destinado al efecto el diez por ciento de aquella suma.—Resultando : Que Don Andrés A. Delgado en escrito presentado en veinte y tres de Enero citado promovió incidente de nulidad para que con suspensión del remate se declarara nulo el edicto anunciando la subasta y la providencia de que se derivara, si es que se había ordenado su publicación en la forma en que se había hecho, disponiéndose que se señalara otro día para la subasta por término bastante, que se expresara el valor de cada una de las tres fincas embargadas con las cargas que tetían ó su libertad de gravamen, que se admitieran posturas por las tres conjuntamente ó por cualquiera de ellas, que las consignaciones fueran con relación al total de las fincas ó la que de éstas fueran objeto de postura y que se designara el lugar en que debiera hacerse la consignación caso de que no se hiciera en la mesa del Tribunal, á cuyo fin alegó defecto de que en su sentir adolecía el edicto publicado ; y por otrosí manifestó que promovía dicho incidente sin perjuicio de la protesta de nulidad que tenía ya establecida contra la vía de apremio, acompañando certificación del Secretario del Tribunal del Distrito de San Juan, expedida en veinte y nueve de Noviembre del año próximo pasado, de la que aparece que dicho Tribunal en expediente de suspensión de pagos promovido por Delgado dictó auto en veinte y cuatro de Octubre anterior declarando no haber lugar á reformar el del diez del mismo mes por el que había ordenado la suspensión

de todo procedimiento en la ejecución de la sentencia del
remate, dictada en el juicio ejecutivo seguido por Lecaroz y
Cª contra Delgado ante el Juzgado de Utuado, y que se li-
brara oficio al Tribunal de Arecibo para el cumplimiento de
lo dispuesto, contra cuyo auto anunció la mencionada socie-
dad recurso de casación por infracción de ley y de doctrina
legal.—Resultando: Que el Tribunal del Distrito de Are-
cibo por auto de veinte y seis de Enero último rechazó la
admisión del incidente propuesto; y habiendo ejercitado
Delgado contra ese provisto recurso de reposición, previa tra-
mitación del mismo fué declarado sin lugar por auto de
cinco de Febrero siguiente.—Resultando: Que en el propio
día cinco de Febrero tuvo lugar la subasta de los bienes em-
bargados, y en ese acto la sociedad Lecaroz y Cª solicitó la
adjudicación de los bienes embargados por las dos terceras
partes del avalúo y á calidad de ceder el remate á un tercero,
habiéndose aprobado el remate por auto del día siguiente
seis de Febrero á favor de Lecaroz y Cª en los términos soli-
citados.—Resultando: Que Don Andrés A. Delgado soli-
citó reforma del auto de aprobación del remate, en el sentido
de que se dejara sin efecto, con declaración de que el ejecu-
tivo estaba acumulado de hecho al concurso de acreedores
que tenía promovido, á cuyo fin alegó que con la adjudica-
ción hecha se le irrogaban grandes é irreparables perjuicios,
pues quedaban sin cobrar otros acreedores, tanto ó más res-
petables que Lecaroz y Cª, para evitar lo cual se había cons-
tituído en concurso de acreedores, en cuyo estado lo había
declarado el Tribunal de Arecibo, mandando acumular al
concurso todas las ejecuciones contra él pendientes, sin que
desde ese momento hubiera términos hábiles para continuar
el ejecutivo, y mucho menos para llevar á efecto el remate y
para adjudicar los bienes á un solo acreedor á favor del cual
no existe la excepción establecida por el artículo 166 de la
Ley de Enjuiciamiento Civil, pues la anotación preventiva
del embargo practicado no tiene más alcance que el
que le da el artículo 44 de la Ley Hipotecaria en re-

lación con el 1,918 del Código Civil, siendo por tanto nulo todo lo actuado desde que el ejecutivo quedó acumulado de hecho al concurso por orden judicial, conforme con el párrafo 3º del artículo 1,171 de la Ley de Enjuiciamiento Civil; á lo cual debe agregarse que habiéndose promovido tercería de mejor derecho antes de la adjudicación de los bienes, ésta no pudo tener lugar por impedirlo el artículo 1,534 de la ley citada, y por ese concepto también era nula la adjudicación hecha á Lecaroz y Cª—Resultando: Que antes de tramitarse el recurso de reposición, se hizo constar en autos á instancia de Delgado que por auto de treinta y uno de Enero último fué declarado aquél en concurso voluntario de acreedores por el Tribunal del Distrito de Arecibo, acordándose entre otras cosas que se acumularan al juicio de concurso las ejecuciones que hubiera pendientes contra el concursado, con la excepción establecida en el artículo 166 de la Ley de Enjuiciamiento Civil, y que por otro auto de cinco de Febrero siguiente el propio Tribunal denegó la admisión del incidente de tercería de mejor derecho promovido por Don Domingo Abreu en el juicio ejecutivo seguido por Lecaroz y Cª contra Delgado, fundándose en que no estando conociendo del ejecutivo, sino del cumplimiento de la sentencia á virtud de fianza prestada por la parte ejecutante no podía competerle el conocimiento del incidente.—Resultando: Que la sociedad Lecaroz y Cª impugnó dicho recurso de reforma, y el Tribunal del Distrito de Arecibo por auto de veinte y uno de Febrero citado denegó la reposición del dictado en seis del propio mes, fundándose en que no había pendiente ante él, ejecutivo alguno contra Delgado, pues el que contra éste existía, se encontraba en segunda instancia, y por tanto no era de aplicación el párrafo 3º del artículo 1,171 de la Ley de Enjuiciamiento Civil, en que tampoco se había dado curso al incidente de tercería porque esa facultad sólo correspondía al Tribunal que conocía de los autos principales, no siendo por tanto aplicable el artículo 1,534 de la misma ley, y en que,

aunque por virtud del concurso, hubieran de acumularse las diligencias para la ejecución de la sentencia de remate, los acreedores de Delgado nada obtendrían que no puedan obtener por medio de la fianza prestada por Lecaroz y Cª para garantir precisamente los perjuicios que produjera la ejecución.—Resultando : Que contra ese auto de veinte y uno de Febrero y su concordante del seis del propio mes interpuso Don Andrés A. Delgado recurso de casación por quebrantamiento de forma y por infracción de ley, autorizado el primero por el número 6º del artículo 1,691 de la Ley de Enjuiciamiento Civil, en relación con el 2º apartado del número 3º del artículo 1,692, expresando además que en tiempo oportuno expuso al Tribunal que se estaba infringiendo el artículo 1,133 de dicha ley, que prohibe terminantemente que continúen las ejecuciones cuando hubiera un concurso de quita y espera, por lo que protestó la nulidad de cuanto se actuara, habiendo protestado igualmente de nulidad cuando puso en conocimiento del Tribunal del Distrito de Arecibo que el de San Juan había acordado la suspensión del ejecutivo de Lecaroz y Cª contra Delgado por virtud de su concurso de quita y espera, como también existían otras protestas de nulidad por falta de acumulación, inadmisión de tercería de mejor derecho, é infracción manifiesta de los artículos 161, 163, 164, 165, 166, 167 y 1,534 de la Ley de Enjuiciamiento Civil.—Resultando :   Que admitido uno y otro recurso por auto de cinco de Abril fueron elevados los autos á este Tribunal Supremo, previa citación y emplazamiento de las partes ;  y habiéndose personado éstas se ordenó por providencia de cuatro de Mayo se entregaran los autos á la parte de Delgado á los efectos del recurso por quebrantamiento de forma, cuya representación los devolvió con escrito en que fundaba dicho recurso no sólo en el párrafo 6º del artículo 1,691 de la Ley de Enjuiciamiento Civil, ó sea por incompetencia de jurisdicción en el Tribunal del Distrito de Arecibo, sino también en el párrafo 2º del mismo artículo, por falta de personalidad en Lecaroz y

Cª para reclamar el cumplimiento de la sentencia dictada en el ejecutivo después de haber sido declarado en concurso voluntario.—Resultando : Que el Letrado de Lecaroz y Cª impugnó el recurso de que se trata no sólo en el fondo, sino también por estimarlo inadmisible en atención á que las resoluciones recurridas no causaban perjuicio irreparable en definitiva, quedando como quedaba expedito el juicio declarativo para discutir y resolver las mismas cuestiones legales que se debatían en dicho recurso.—Visto, siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando : Que la incompetencia de jurisdicción que puede motivar el recurso de casación en el concepto concreto de quebrantamiento de forma, según el número 6º del artículo 1,691 de la Ley de Enjuiciamiento Civil ha de alegarse y discutirse oportunamente en el pleito, según así se desprende de los artículos 858 y 1,694 de la Ley de Enjuiciamiento Civil, preceptivos de que para la admisión de dicho recurso es indispensable que se haya reclamado la subsanación de la falta en la instancia en que se cometió.—Considerando : Que en los autos de ejecución de la sentencia de remate, dictada en el ejecutivo de Lecaroz y Cª contra Don Andrés A. Delgado en cobro de pesos, no aparece redargüido de incompetencia el Tribunal del Distrito de Arecibo para conocer de dichos autos, pues el debate jurídico planteado, y cuya resolución ha dado lugar al presente recurso, únicamente versa sobre si aquél ha debido ó no suspender el curso de la actuación, y si por no haberlo hecho, ha dado lugar. á vicios de nulidad, sin que se haya hecho la más ligera indicación de que otro Tribunal distinto sea el competente para conocer del pleito, requisito indispensable en toda reclamación de incompetencia.—Considerando: Que por lo que atañe á la falta de personalidad de Lecaroz y Cª, aparte de no haber sido discutida ante el Tribunal del Distrito de Arecibo, tampoco fué materia del recurso de casación por quebrantamiento de forma ante dicho Tribunal interpuesto y admitido, careciendo de eficacia legal

la alegación de ese motivo de casación hecha ante este Tribunal Supremo por la defensa de Don Andrés A. Delgado, la que debió limitarse á evacuar el trámite de instrucción, prevenido por el artículo 1,759 de la Ley de Enjuiciamiento Civil, sin variar los términos del debate jurídico ya planteado. Considerando: Que por las razones expuestas y sin necesidad de examinar y fijar la naturaleza de las resoluciones recurridas á los efectos del recurso de casación de que se trata, es improcedente dicho recurso.—Fallamos : Que debemos declarar y declaramos no haber lugar al recurso de casación por quebrantamiento de forma interpuesto por Don Andrés A. Delgado, á quien condenamos en las costas; y líbrese á su tiempo al Tribunal del Distrito de Arecibo la oportuna certificación, y procédase á sustanciar el recurso admitido por infracción de ley.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—Jòsé C. Hernández.—Jose Mª Figueras.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo, Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y uno de Julio de mil novecientos.—E. de J. López Gaztambide.